**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GREAT WEST CASUALTY COMPANY,

*Plaintiff*,

v.

ORTIZ HAULING, LLC; RUDY ORTIZ; GERALD DAVID PENNINGTON and JANE DOE PENNINGTON;

*Defendants*.

Cause No.

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Great West Casualty Company ("Great West") pursuant to the Federal Declaratory Judgment Act, for its Complaint for Declaratory Judgment against the Defendants alleges as follows:

**PARTIES AND JURISDICTION**

1. Great West is a Nebraska corporation with its principal place of business in Nebraska authorized to transact insurance in the State of New Mexico and therefore is a citizen of the state of Nebraska.

2. Ortiz Hauling, LLL ("Ortiz Hauling") is a New Mexico limited liability company with its principal place of business in Bernalillo County, New Mexico and therefore is a citizen of the State of New Mexico.

3. Rudy Ortiz upon information and belief is a member/manager of Ortiz Hauling (collectively "Ortiz Hauling") and is a resident of Bernalillo County, New Mexico.

4. Carlos Gamboa upon information and belief is a member/manager of Ivan Trucking, LLC and is a resident of Bernalillo County, New Mexico.

5. Based on the foregoing, there is complete diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

6. Ortiz Hauling has caused events to occur in Bernalillo County, New Mexico out of which this action arises.

7. David Pennington is believed to be a resident of Bernalillo County, New Mexico and is married to Jane Doe Pennington whose true name is not currently known.

8. The amount in controversy exceeds the minimum jurisdiction of the Court pursuant to 28 U.S.C. § 1332 as the amount in controversy and venue in this Court is proper pursuant to 28 U.S.C. § 1391.

9. The action is brought pursuant to the Federal Declaratory Judgment Act 28 U.S. § 2201 *et. seq*.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Great West incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

11. Great West issued Ivan Trucking motor carrier policy No. MCP42718C with an effective coverage period of August 13, 2020, to August 13, 2021, (the "Policy")(attached hereto as Exhibit 1).

12. The Policy provide a $1,000,000 per accident liability limit to Ivan Trucking subject to all applicable provisions, restrictions, exclusions and limitations.

13. On October 15, 2021, counsel, on behalf of Mr. Pennington, sent a letter to Great West alleging that it had an exposure created by Ortiz Hauling for an amount exceeding $1 million.

14. On October 15, 2021, counsel, on behalf of Mr. Pennington, sent a letter to Great West claiming that Mr. Ortiz and his company were additional insureds under the Great West Policy.

15. The October 15, 2021, demand relates to a September 16, 2020, tractor-trailer/motorcycle accident involving Ortiz Hauling and Mr. Pennington.

16. Mr. Pennington claims that Ortiz Hauling and/or Rudy Ortiz acted negligently when it/he made an improper turn causing injuries to Mr. Pennington.

17. Ortiz Hauling is a registered motor carrier assigned U.S. DOT number 3396745 and maintained active common carrier authority at the time of the accident.

18. Ivan Trucking is a registered motor carrier assigned U.S. DOT number 2578133.

19. When the accident occurred, Ortiz Hauling was pulling an "End Dump" trailer VIN# 0245 (the "Trailer") which was owned by either Ivan Gamboa the member/manager of Ivan Trucking or Ivan Trucking.

20. On or about April 28, 2020, Ivan Trucking and/or Mr. Gamboa allowed Ortiz Hauling to use the Trailer free of charge until Ortiz Hauling could afford to purchase its own trailer.

21. The Trailer was used exclusively by Ortiz Hauling in its own motor carrier business.

22. An April 28, 2020, Agreement between Ivan Trucking and Ortiz Hauling did not require Ortiz Hauling to pay financial compensation to Ivan Trucking for use of the Trailer.

23. Upon information and belief, Ortiz Hauling was insured under a motor carrier liability policy issued by Progressive Insurance which provided liability coverage in the amount of $750,000.

24. Upon information and belief, Progressive Insurance has agreed to pay or has paid Mr. Pennington or his counsel the $750,000 policy liability limit on behalf of Ortiz Hauling.

25. Mr. Pennington now claims that Ortiz Hauling and/or Rudy Ortiz are insureds under the Great West Policy and demands that Great West pay its $1 million limit as an excess carrier over Progressive Insurance.

26. Pertinent Great West Policy provisions include:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * *

**1. WHO IS AN INSURED**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

* * *

**(6)** Anyone who has hired or borrowed an "auto" from you that is used in a business other than yours unless under a written agreement you are required to hold them harmless.

**(7)** Anyone that is using an "auto" of yours under a written Trailer Interchange Agreement unless under a written agreement you are required to hold them harmless.

* * *

**10. COMPLETED OPERATIONS**

"Bodily injury", "property damage" or "covered pollution cost or expense" arising out of your work after that work has been completed or abandoned.

In the exclusion, your work means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

* * *

27. Great West has no duty to indemnify Ortiz Hauling and/or Rudy Ortiz under the Policy because it/they do not qualify as insureds.

28. Great West has no duty to defend Ortiz Hauling and/or Rudy Ortiz under the Policy because it/they do not qualify as insureds.

29. Alternatively, and in addition, Great West has no duty to defend and/or indemnify Ortiz Hauling and/or Rudy Ortiz to the extent the completed operations exclusion applies.

30. The public liability endorsement has no application to Ortiz Hauling or Rudy Ortiz as they are not policy insureds and maintained their own motor carrier liability insurance provided by Progressive Insurance.

31. Great West reserves to the right to assert other coverage grounds to establish it has no duty to defend or indemnify Defendants as this matter progresses.

WHEREFORE, Great West Casualty Company respectfully asks this Court to enter judgment against Defendants Ortiz Hauling, Rudy Ortiz, and David Pennington as follows:

A. Declaring that the Great West Policy does not provide coverage for any claims Mrs. and Mr. Pennington have or could assert against Ortiz Hauling and/or Rudy Ortiz;

B. Declaring that Great West has no obligation to defend Ortiz Hauling and/or Rudy Ortiz against any claims that could or have been brought against Rudy Ortiz and Ortiz Hauling by Mr. and Mrs. Pennington.

C. Declaring that Great West has no duty to indemnify Ortiz Hauling and/or Rudy Ortiz for any judgment or settlement, or any portion of any judgment or settlement, that is not covered under the Policy insuring clause or excluded or limited by policy exclusions, exceptions, or endorsements thereto;

E. Awarding such other relief as the Court deems just and equitable.

Respectfully submitted electronically,

/s/Steven J. Gross
Steven J. Gross, Esq. (#152690)
THE CAVANAGH LAW FIRM
1850 N. Central Avenue, Suite 2400
Phoenix, AZ 85004
(602) 332-4004
sgross@cavanaghlaw.com
*Attorneys for Great West Casualty Company and Connally Erwin*